IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE J. NAVARETTE-OLVERA,
    Plaintiff,

vs.                                                                              No. 19-1083-JTM

WORTHINGTON INDUSTRIES, INC.
*and* WESTERMAN, INC.,
    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on defendants' Motion to Dismiss the action pursuant to Fed.R.Civ.Pr. 41(a)(1)(A)(ii). The case is not dismissed pursuant to the rule cited by defendants. However, for good shown the court finds that the action should still be dismissed with prejudice.

Under Rule 41(a)(1)(A)(ii), the plaintiff may dismiss an action without an order of the court by filing "a stipulation of dismissal signed by all parties who have appeared." The documentation supplied by the defendants establishes that Navarette-Olvera orally agreed to dismiss the action, but has since twice refused to respond to defendants' efforts to obtain a signed stipulation from him.

The "'plain words themselves'" of Rule 41(a) require that a stipulation for dismissal be signed by "'all parties who have appeared'" in the action. *Anderson-Tully Company v. Federal Ins. Co.*, 347 F. App'x 171, 175 (6th Cir. 2009) (quoting *Marek v.*

*Chesny*, 473 U.S. 1, 16, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)). A stipulation not signed by the plaintiff does not satisfy the requirements of Rule 41(a)(1)(A)(ii). *Radford v. Harrelson*, 2018 WL 4778050, *1 n. 1 (M.D. Ala. Oct. 3, 2018);

However, the court can construe a pleading which has not been signed by all the parties as a request for voluntary dismissal of the action by order under Rule 41(a)(2). *Miceli v. Dyck-O'Neal, Inc.*, 2016 WL 7666167, at *1 (M.D. Fla. Aug. 9, 2016); *Colon v. Kissimmee B-Logistic Serv.*, 2016 WL 3147583 (M.D. Fla. May 16, 2016). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, the court may look to a variety of factors, including delay and lack of diligence on the part of a plaintiff in prosecuting the action. *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir.1980).

The court construes plaintiff's June 15, 2020 oral statement that "he does not wish to continue to prosecute this matter" as his request for dismissal, and so construes the present motion as one seeking relief under Rule 41(a)(2). (Dkt. 35, at 1). The plaintiff's decision to discontinue the action is, if anything, confirmed by his subsequent refusal to respond to certified letters, and by his failure to timely respond to defendant's motion to dismiss. Further, given the unjustified and explained conduct of the plaintiff, which has resulted in additional expense for defendants, the court concludes that the present action should be dismissed with prejudice.

IT IS ACCORDINGLY ORDERED this day of August, that the defendants' Motion to Dismiss (Dkt. 36) is hereby granted as provided herein.

<u>J. Thomas Marten</u>
J. Thomas Marten, Judge